# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: ) | |
| ) | |
| DUSTIN R. SHERWOOD and ) | Case No. 04-50584 |
| JENNIFER J. SHERWOOD, ) | |
| ) | |
| Debtors. ) | |

## MEMORANDUM ORDER

On May 6, 2008, the Court held an evidentiary hearing on the Debtors' motion to dismiss their Chapter 11 bankruptcy case. The Debtors, proceeding without counsel, offered statements on their own behalf but declined to offer any evidence in support of their motion, although Mr. Sherwood did cross-examine one of the opposing creditor's witnesses. The United States Trustee, the Chapter 11 trustee (Janice Stanton), and all of the creditors in attendance (approximately nine) argued and offered evidence in unanimous opposition to the Debtors' motion. Upon the conclusion of the hearing, the Court orally denied the Debtors' motion and recited its reasons for doing so. This order memorializes the Court's decision and the law and facts considered in reaching that decision.

## DISCUSSION

Although the Debtors cited 11 U.S.C. § 1307 as the basis for the dismissal of their Chapter 11 case, the Court interprets the Debtors' motion as one under § 1112(b)(1) since § 1307 is not applicable to cases under Chapter 11. Section 1112(b)(1) provides:

> (b)(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

Despite the convoluted phrasing in this provision, the requirements for obtaining the dismissal of a case under § 1112 are relatively straightforward. Assuming none of the initial exceptions applies, the threshold question is whether a movant has established cause for the dismissal. If cause is established, then the court must consider whether there are any "unusual

circumstances . . . that establish that the requested conversion or dismissal is not in the best interests of the creditors and the estate."

In this case, dismissal of the Debtors' case is not warranted because: 1) none of the exceptions applies; 2) the movants, *i.e.*, the Debtors, have not established cause; and 3) even assuming cause to convert existed, the circumstances of this case overwhelmingly establish that dismissal is not in the best interests of creditors or the estate.

**1.     None of the exceptions applies.**

The first exception noted in § 1112(b)(1) directs the Court to consider whether paragraph (2) of § 1112(b) applies. Section 1112(b)(2) provides:

> (2) The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, *if the debtor or another party in interest objects and establishes that--*
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A)--
> (I) for which there exists a reasonable justification for the act or omission; and
> (ii) that will be cured within a reasonable period of time fixed by the court.[1]

The language of § 1112(b)(2) may be even more convoluted than § 1112(b)(1), but the basic contours of its operation are not complicated. The Court reads § 1112(b)(2) as giving the <u>debtor</u> another chance to <u>stay in</u> Chapter 11. In other words, if a court determines that a movant has established cause to dismiss a case and there are no countervailing "unusual circumstances" indicating that dismissal is not in the best interests of the estate, the debtor or another, presumably similarly aligned, party can still defeat the motion by establishing that there is reasonable likelihood of reorganization or that the debtor's acts or omissions which may otherwise warrant dismissal were justified or can be cured. Here, the Debtors are the movants seeking to get out of Chapter 11 so the language and the content of this provision are inapplicable.

---

[1] 11 U.S.C. § 1112(b)(2) (emphasis added).

The second exception, which references § 1112(c), deals with motions to convert so it is inapplicable.[2]

The third exception, which references § 1104(a)(3), contemplates the appointment of a Chapter 11 trustee as an alternative to dismissal or conversion.[3] A Chapter 11 trustee has already been appointed in this case, so this exception is also inapplicable.

**2.     The Debtors have not established cause to dismiss their Chapter 11 case.**

"If a motion to dismiss is opposed, the moving party bears the burden of proof on the issue of cause, even if the motion is a debtor's voluntary motion."[4] The Debtors failed to carry this burden. In fact, the Debtors declined to offer any evidence at the hearing in support of their motion. Moreover, their primary argument – that they have been treated unfairly and deprived of an opportunity to reorganize because they did not have the assistance of counsel – does not constitute cause, and frankly, is untrue.

First, the Debtors had an attorney but fired him. The Debtors cannot now complain of the situation they created themselves.[5] Second, the Court appreciates that proceeding in Chapter 11 without the assistance of counsel is difficult, but it *is* possible, and the Debtors have actually done fairly well in representing their own interests – successfully petitioning the Court for living expenses to be paid out of cash collateral and filing several fairly coherent pleadings. And third, the Court and

---

[2] 11 U.S.C. § 1112(c) provides: "The court may not convert a case under this chapter to a case under chapter 7 of this title if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion."

[3] 11 U.S.C. § 1104(a)(3) provides: "At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee...(3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate."

[4] *See In re Mechanical Maintenance, Inc.*, 128 B.R. 382, 386 (E.D. Penn. 1991) (citing *In re Sullivan*, 108 B.R. 555, 557 (Bankr. E.D. Pa. 1989); *In re GPA Technical Consultants, Inc.*, 106 B.R. 139, 140 (Bankr. S.D. Ohio 1989)).

[5] *Cf. In re Rice*, 357 B.R. 514, 571-18 (B.A.P. 8th Cir. 2006) (denying debtors' request for a continuance where the debtors fired their attorney and had ample time to obtain substitute counsel).

the Trustee have gone to great lengths to accommodate the Debtors' requests and concerns. The Court has postponed ruling on several issues to address the Debtors' concerns, repeatedly urged the Debtors to obtain counsel, offered to work with out-of-state counsel to streamline the *pro hoc vice* (visiting attorney) procedures, and *sua sponte* gave the Debtors an opportunity to rent land from the Trustee at a cost lower than the winning bidder had agreed to pay. According to the Trustee, her offers of assistance have been refused and, apparently, have even been met with belligerence.

Because the Debtors failed to establish cause, the Court's inquiry could end here. However, the overwhelming evidence of unusual circumstances establishing that dismissal is not in the best interest of creditors is worth discussing briefly.

### 3.     Dismissal is not in the best interests of creditors or the estate.

Factors considered in determining whether dismissal is in the best interests of creditors or the estate include: "(1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in a prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending."[6] Almost all of these factors indicate that dismissal is not in the best interests of creditors or the estate.[7]

- Factor 1:  No creditors have consented. To the contrary, all of the major creditors, including creditors holding first priority liens who would likely fare <u>better</u> outside of bankruptcy, have objected to the Debtors' motion to dismiss.

- Factor 2:  In addition to the fact that the Debtors have not offered a concrete or realistic plan of how they would pay their creditors outside of bankruptcy if the case was dismissed, Mr. Sherwood demonstrated his lack of good faith (and candor) when he responded, "I don't recall," to almost every question at his April 15, 2008 Rule 2004 exam, including questions that did not rely on memory.

---

[6] *In re Turpen*, 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000). Although *Turpen* was a Chapter 7 case, these factors apply equally to motions to dismiss filed by debtors in Chapter 11 cases, especially where, as in this case, a Chapter 11 trustee has been appointed. *See, e.g., In re Mechanical Maintenance, Inc.*, 128 B.R. at 386-87.

[7] The Court has no evidence before it regarding the fourth factor.

- Factor 3: Dismissal would result in a significant delay in payment for all but the first priority lienholders. The rest of the creditors would likely face protracted litigation in one or more state courts.

- Factor 5: There is no single proceeding through which claims could be handled if the case was dismissed. More likely, dismissal of the Debtors' case would result in a race to *several* courthouses and a multiplicity of lawsuits. Additionally, the Court observes that this is the second time the Debtors have sought to escape from a central forum where claims against them could be resolved – the first was the State court receivership imposed in September 2007.

- Factor 6: No objections to discharge or preference actions have been filed, but the Trustee and several creditors have requested, and the Court has granted, extensions of time within which to file objections to dischargeability. The evidence adduced by the creditors at the hearing suggests that such objections and preference actions may be forthcoming.

In addition to these factors, "dismissal of a case after it has appeared that the debtors failed to account honestly for their assets should not be permitted because such a failure indicates the likelihood of further questionable practices to the detriment of creditors."[8] There is ample evidence in this case suggesting that the Debtors have failed to honestly account for their assets. To name a few instances of the Debtors' failure to provide the Court, the Trustee, and the Debtors' creditors with an honest assessment of their financial condition – the Debtors have not amended their schedules to account for inaccuracies in the amount of land they own, to disclose prepetition transfers of cash to Mrs. Sherwood's father immediately prior to the bankruptcy for "safe keeping," to disclose other names the Debtors have used to conduct business. Nor have the Debtors filed the required tax returns. This behavior is likely to repeat itself outside of bankruptcy and, therefore, warrants against dismissal.

## CONCLUSION

For the reasons stated above, the Court will deny the Debtors' motion. The Debtors have failed to show cause why their bankruptcy case should be dismissed, and the unusual circumstances of this case establish that dismissal would not be in the best interests of creditors or the estate. In sum, the Court believes that keeping the Debtors under the scrutiny – and protection – of the

---

[8] *Turpen*, 244 B.R. at 435.

bankruptcy process is the best, and perhaps only, way to achieve an accurate accounting of the Debtors' assets and liabilities and to obtain a fair and orderly liquidation of the Debtors' bankruptcy estate.

**SO ORDERED** this 14th day of May 2008.

                                                   /s/   Jerry W. Venters
                                                United States Bankruptcy Judge

A copy of the foregoing has been mailed
electronically or conventionally to:
Mark T. Benedict
James E. Bird
Brian T. Fenimore
J. Brian Hill
Adam M. LaBoda
Jill D. Olsen
Douglas S. Polsky
Janice E. Stanton
Ronald S. Weiss
Frank Wendt
Lucinda Marie Woolery
David L. Zeiler
Dustin R Sherwood
Jennifer J Sherwood